***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted September 26, reversed October 19, 2022

In the Matter of M. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

E. L. R.,
*Appellant.*

Douglas County Circuit Court
21JU04151; A178473

Jason R. Thomas, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Joel C. Duran, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JAMES, P. J.

Reversed.

**JAMES, P. J.**

Mother appeals from a judgment assuming jurisdiction over her child based on an allegation that she "has exposed the child to domestic violence." We review the sufficiency of the evidence supporting dependency jurisdiction by "viewing the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition," and by then assessing "whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013).

A juvenile court may take jurisdiction over a child when the court determines that the child's "condition or circumstances are such as to endanger" the child. ORS 419B.100(1)(c); *Dept. of Human Services v. A. F.*, 243 Or App 379, 386, 259 P3d 957 (2011). To take jurisdiction, a court must determine that the child's condition or circumstances give rise to a current threat of serious loss or injury to the child that is reasonably likely to be realized. *N. P.*, 257 Or App at 639.

On appeal, the Department of Human Services (DHS) concedes that the record contains insufficient evidence that there was a current risk of harm to the child at the time of trial. Here, at the time of trial, six months after DHS filed the petition, mother had ended her relationship with her abuser, had obtained a restraining order, and was engaging in domestic violence services. Accordingly, we accept the concession.

Reversed.